UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LAWRENCE MAHER, )<br> )<br> Petitioner, )<br> )<br> v. )<br> )<br>UNITED STATES )<br>BUREAU OF PRISONS, )<br> )<br> Respondent ) | 2:04-cr-00093-GZS<br>2:15-cv-00040-GZS |

### **RECOMMENDED DECISION ON 28 U.S.C. § 2241 MOTION**

Citing 28 U.S.C. § 2241, Petitioner Lawrence Maher filed a motion seeking relief from his sentence in *United States v. Maher*, No. 2:04-cr-00093-GZS. (No. 2:15-cv-00040-GZS, ECF No. 1.)[1] Petitioner complains that because the Bureau of Prisons relied on inaccurate information in the presentence investigation report regarding Petitioner's possession of a firearm during the drug offense for which he was convicted, Petitioner has been wrongly denied certain programs and benefits while incarcerated. (*Id.* at 2.)

After review of the motion and the record, in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, given that Petitioner's motion is subject to the gatekeeping provisions of 28 U.S.C. §§ 2244, 2255(h), the recommendation is that the Court dismiss the motion without requiring the Government to answer.

---

[1] The motion is docketed as a complaint in No. 2:15-cv-00040-GZS, but the document filed is a form petition under 28 U.S.C. § 2241. As discussed below, the motion is in substance a 28 U.S.C. § 2255 motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The First Circuit Court of Appeals recounted in detail the facts underlying Petitioner's conviction. *United States v. Maher*, 454 F.3d 13, 15 (1st Cir. 2006).[2] While he was under surveillance in a sting operation, Petitioner was arrested in 2004 for the state crime of operating under the influence. *Id.* Police officers searched Petitioner's van, incident to his arrest, and found heroin, cocaine, and drug paraphernalia. *Id.* Following a two-day jury trial in December 2004, Petitioner was convicted of the federal crime of possession of cocaine with intent to distribute 163 grams of cocaine. *Id.* (*United States v. Maher*, No. 2:04-cr-00093-GZS, Verdict Form, ECF No. 43; Judgment, ECF No. 51 at 1.) *See* 21 U.S.C. § 841(a)(1).

At sentencing, the Court found "the facts as set forth in the presentence report as amended," and further determined that "the defendant possessed a firearm during the offense. This relates to the earlier sale to the confidential informant as set forth in the presentence report." (Sentencing Tr., ECF No. 60 at 20.) The Court sentenced Petitioner to a term of 262 months in prison, followed by a term of six years of supervised release. (Judgment at 2-3.) Petitioner appealed from the conviction, which the First Circuit affirmed; it does not appear that Petitioner appealed his sentence. 454 F.3d at 15, 24.

Petitioner filed his first motion under 28 U.S.C. § 2255 in November 2007. (No. 2:07-cv-00195-GZS.) In that motion, Petitioner raised four claims of ineffective assistance of counsel: (1) failure to interview or call material witnesses; (2) conflict of interest; (3) failure to object to the admission of hearsay testimony; and (4) failure to object to the characterization of a prior state misdemeanor drug conviction as a controlled substance offense under the United States Sentencing Guidelines § 4B1.2(b). (*Id.*, ECF No. 1.) In July 2008, the Court affirmed a recommended denial

---

[2] The appeal is docketed in the First Circuit at No. 05-1598.

2

of relief, and in July 2009, the First Circuit denied a certificate of appealability. (*Id.*, ECF Nos. 10, 16, 28; No. 08-2087 (1st Cir. Apr. 9, 2009).)

In July 2009, Petitioner filed a second motion pursuant to 28 U.S.C. § 2255; Petitioner also included in this motion a request for a sentencing modification under 18 U.S.C. 3582(c)(1)(B). (No. 2:09-cv-00321-GZS, ECF No. 1; No. 2:04-cr-00093-GZS, ECF No. 73.) The Court affirmed the recommended decision to dismiss without prejudice Petitioner's section 2255 motion because he had not first obtained certification from the First Circuit. (No. 2:09-cv-00321-GZS, ECF Nos. 2, 3.) The Court denied the section 3582 request to modify the sentence, and in May 2010, the First Circuit affirmed the denial. (No. 2:04-cr-00093-GZS, ECF Nos. 74, 87; No. 09-2147 (1st Cir. May 7, 2010).)

In November 2010, Petitioner filed a motion for relief from judgment, seeking to challenge the denial of a motion to suppress. (No. 2:04-cr-00093-GZS, ECF No. 90.) The Court denied the request. (*Id.*, ECF No. 92.) In January 2011, the First Circuit denied leave to file a second or successive section 2255 motion, and also determined that Petitioner's sentence as a career offender was not in error. (*Id.*, ECF No. 93: No. 10-2440 (1st Cir. Jan. 19, 2011).)

In August 2012, Petitioner filed a motion for relief from the judgment regarding his first section 2255 motion. (No. 2:07-cv-00195-GZS, ECF No. 29.) At that time, Petitioner sought to revisit one of his claims of ineffective assistance of counsel in light of *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010). In October 2012, the Court affirmed a recommended denial of relief, and in April 2014, the First Circuit denied a certificate of appealability. (*Id.*, ECF Nos. 30, 32, 41; No. 12-2347 (1st Cir. Apr. 16, 2014).)

In May 2014, Petitioner filed a motion to amend the presentence investigation report. (No. 2:04-cr-00093-GZS, ECF No. 94.) The Court dismissed the motion for lack of jurisdiction and alternatively because the motion was meritless. (*Id.*, ECF No. 97.)

Petitioner filed the pending motion on January 26, 2015. (*Maher v. United States Bureau of Prisons*, No. 2:15-cv-00040-GZS, ECF No. 1.)

## II. DISCUSSION

Title 28 U.S.C. § 2241 "permits a federal prisoner to seek habeas corpus if relief under § 2255 'is inadequate or ineffective to test the legality of his detention.'" *Barreto-Barreto v. United States*, 551 F.3d 95, 102 n.6 (1st Cir. 2008) (quoting 28 U.S.C. § 2255(e)). To the extent Petitioner is seeking relief from the manner in which the sentence is being executed, his claim may be cognizable under section 2241. *See Muniz v. Sabol*, 517 F.3d 29, 33-34 (1st Cir. 2008). However, a section 2241 petition concerning the execution of the sentence must be brought, if at all, in the district in which the petitioner is confined. *See* 28 U.S.C. § 2241(a). "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Petitioner alleges that he is incarcerated in North Carolina; he is not confined in Maine, and therefore, for purposes of any challenge he seeks to bring regarding the execution of the sentence, this Court does not have jurisdiction.

To the extent Petitioner is challenging the judgment, section 2255 is not an inadequate or ineffective means by which to test the legality of his detention, and Petitioner's motion is in substance a section 2255 motion. The fact that Petitioner used a form for a section 2241 petition naming the United States Bureau of Prisons as the respondent is immaterial. "[C]ourts regularly have recharacterized imaginatively captioned petitions to reflect that they derive their essence from

4

section 2255 and, thus, must satisfy that section's gatekeeping provisions." *Trenkler v. United States,* 536 F.3d 85, 97 (1st Cir. 2008).

Because in this motion Petitioner challenges the same criminal judgment that he challenged in his first section 2255 motion, and because the first motion terminated with a judgment on the merits, Petitioner's current motion is a second or successive motion. *See United States v. Barrett*, 178 F.3d 34, 43 (1st Cir. 1999) ("[A] numerically second petition is not 'second or successive' if it attacks a different criminal judgment or if the earlier petition terminated without a judgment on the merits.") (quoting *Pratt v. United States*, 129 F.3d 54, 60 (1st Cir. 1997) (quotation marks omitted)).

As a second or successive motion, Petitioner's motion is subject to the gatekeeping provisions of sections 2255(h) and 2244(3)(A). Section 2255(h) provides that

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. §2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Local Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler,* 536 F.3d at 96 (quoting *Pratt,* 129 F.3d

at 57). This Court thus lacks jurisdiction over the pending motion unless and until Petitioner obtains leave to file the motion in accordance with sections 2244(b)(3)(A), 2255(h).

The record lacks any evidence to suggest that Petitioner has obtained permission to file the pending motion. To the contrary, a review of the record reveals that the First Circuit has already ruled multiple times on Petitioner's various requests to file a second section 2255 motion. Because the pending motion is a second or successive section 2255 motion, and because Petitioner has not obtained permission from the First Circuit to file the motion, Petitioner may not prosecute the motion in this Court.

### III. CONCLUSION

Based on the foregoing analysis, in accordance with the gatekeeping provisions of 28 U.S.C. §§ 2244, 2255(h), the recommendation is (1) that the Court dismiss Petitioner's motion (No. 2:15-cv-00040-GZS, ECF No. 1), and (2) that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of February, 2015.